IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SAMUEL JOHN MAJOR-DAVIS, § <br> Petitioner, § <br> § <br> v. § <br> § Civil Action No. 4:08-CV-022-A <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Samuel John Major-Davis, TDCJ #1221760, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Abilene, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

By this habeas petition, Major-Davis challenges a 2007 disciplinary proceeding conducted

at the French M. Robertson Unit of TDCJ, and the resultant loss of 30 days recreation and commissary privileges and a reduction in class status from S-3 to S-4. (Disciplinary Hrg. R. at 1) Major-Davis was charged in Disciplinary Case No. 20070308407 with operating an unauthorized business, a level 2, code 15.1 violation. (*Id.* at 2) The offense report alleged that on April 20, 2006, Major-Davis–

> Did operate an unauthorized business, in that offender produced services were exchanged for financial gain to both said offender and offender Lopez, Davis # 1173799, and this activity creates a risk to the security of the agency, namely, the trafficking and trading between offenders in order to make payment for items that have been auctioned. (*Id.*)

After receiving notice of the charges, Major-Davis attended a disciplinary hearing on July 26, 2007, during which he pled not guilty to the offense. (*Id.* at 1) During the hearing, Major-Davis's oral statement was allowed and documentary evidence was admitted, including the offense report, the preliminary investigation report, witness statements, the service investigation work sheet, and other documentary evidence relevant to the charged offense. (*Id.* at 2-18) After considering the evidence, the hearing officer found Major-Davis guilty of the violation. (*Id.* at 16) Major-Davis filed Step 1 and Step 2 grievances contesting the guilty finding, to no avail. (Disciplinary Grievance R. at 1-4) This federal petition for writ of habeas corpus followed.

### D. ISSUES

Major-Davis claims (1) the evidence was insufficient to support a guilty finding, (2) he was denied his right to have a key witness testify or give a statement at the disciplinary hearing, and (3) the disciplinary process violates the Fourteenth Amendment. (Petition at 5-6)

### E. RULE 5 STATEMENT

Quarterman believes Major-Davis has exhausted his state administrative remedies as to the

claims presented by raising the claims in Step 1 and Step 2 grievances. (Resp't Answer at 4)

F.  DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Major-Davis has no constitutionally protected interest in his prison custodial classification level, even though the change reduced the rate at which he earns good time credits. *See Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied,* 517 U.S. 1196 (1996). With regard to the temporary recreation and commissary restrictions, such punishments present no issues of constitutional magnitude. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995).

In his petition, Major-Davis claims to have lost previously earned good time credits as a result of the disciplinary action because the line class reduction has pushed his mandatory release date back and he cannot earn good time credits as rapidly as he could before the disciplinary action. This is not a loss of *previously earned* good time credits. This is a loss in the ability to earn such future credits as quickly as Major-Davis would like. The Disciplinary Report and Hearing Record confirms that Major-Davis did not lose previously earned good time credits. Therefore, his punishment does not implicate any protected liberty interests. *See Madison v. Parker,* 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where *previously earned* good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent some constitutionally protected liberty interest, due process does not attach to a prison disciplinary proceeding.

Major-Davis has failed to show that he has been denied a constitutionally protected interest.

Accordingly, Major-Davis is not entitled to habeas corpus relief.

## II. RECOMMENDATION

Major-Davis's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 2, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 2, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 12, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE