IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| SAMUEL JOHN MAJOR-DAVIS, | § | |
| Applicant, | § | |
| VS. | § | NO. 4:08-CV-022-A |
| NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § | |
| Respondent. | § | |

## O R D E R

Came on for consideration the above-captioned action wherein Samuel John Major-Davis ("Davis") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On December 12, 2008, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that Davis file objections, if any thereto, by January 2, 2009. Davis timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings,

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

conclusions, and recommendation to which specific objection is made.  United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections.  Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

In his application, Davis challenges a 2007 disciplinary proceeding that resulted in a temporary loss of recreation and commissary privileges and a reduction in his class status.  He claims that (1) the evidence presented at the disciplinary hearing was insufficient to support a guilty finding, (2) he was denied his right to have a witness testify at the hearing, and (3) the disciplinary process violates the Fourteenth Amendment. See FC&R at 2.  The magistrate judge recommended that Davis's application be denied because he fails to assert a violation of a constitutionally protected liberty interest.

Davis objects to the magistrate judge's conclusion that the reduction in his class status does not implicate a protected liberty interest.  Davis argues that, although he did not lose any previously earned good-time credits, the class status itself is a protected interest because it inevitably affects the duration of his time in custody.  Davis points out that, because of the change in his class status, he must remain in custody one month and eight days longer than would be required had his class status remained constant.  The Fifth Circuit has made clear that the deprivation of previously earned good-time credits, which implicates a liberty interest, is distinguishable from the

2

ability to earn good-time credits, which does not implicate a liberty interest. See Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995). Thus, Davis's objection fails.

Therefore,

The court accepts the findings, conclusions, and recommendation of the magistrate judge and ORDERS that the application of Samuel John Major-Davis for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED December 31, 2008.

JOHN McBRYDE
United States District Judge